IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA, )
)
        Plaintiff, )
)
v. ) Case No. CR-06-04-P
)
RAYMOND CHANCE HALE, )
)
        Defendant. )

**ORDER and OPINION**

Before the Court is Defendant Raymond Chance Hale's Motion to Exclude Testimony of Expert Witness and Plaintiff's Response in opposition thereto. Upon review of the briefs, and for reasons stated herein, Defendant's Motion is DENIED.

Defendant objects to the testimony of Plaintiff's proposed witness, Marty K. Wilson, regarding the purity of the alleged methamphetamine, on the bases that the test for purity does not comport with the requirements of Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579 (1993), and instead is improperly based upon guesswork and speculation. In support of this proposition, Defendant cites U.S. v. Higgins, 282 F.3d 1261 (10th Cir. 2002).

In Higgins, the court identified two separate issues affecting the reliability of the test: (1) the representativeness of the sample, and (2) the total quantity of the drugs seized. 282 F.3d at 1280. The court noted that the determination of drug quantity may be an approximation so long as the estimate has support from the facts of the case and sufficient indicia of reliability. Id.; *see also* U.S. v. Cavely, 318 F.3d at 987, 997 (10th Cir. 2003) (noting that estimates regarding "conversion percentages" of precursor chemicals is commonly accepted). The court ultimately

1

found that the drug quantity at issue in Higgins had never been measured and further, that the expert performing the purity test did not even know who had made the estimate, or how. 282 F.3d at 1281-82. In the instant case, the actual controlled substance was tested, so an estimate or conversion is not at issue, and Defendant's reliance on Higgins is therefore inapposite.

Moreover, this Court and many others have allowed expert testimony based on an analysis by forensic chemists of a controlled substance. This testing is generally accepted in the field, and familiar to the courts. *See, e.g.*, Cavely, 318 F.3d at 997. Further, Plaintiff's expert can explain any issue Defendant may have with the representative nature of the sample, or any other aspect of the testing, upon cross-examination. The Defendant has also had the opportunity to conduct his own testing. The Court therefore finds that no prejudice or any other basis for exclusion exists, and the testimony is deemed admissible. Accordingly, Defendant's Motion is DENIED.

IT IS SO ORDERED this 16th day of March 2006.

_James H. Payne_
James H. Payne
United States District Judge
Eastern District of Oklahoma